CV-12 0422

~~SUMM~~ONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
DRAGANA ZUGAY on behalf of herself
and all other similarly situated

                        Plaintiff,

         -against-

MIDLAND CREDIT MANAGEMENT, INC.

                  Defendant.
------------------------------------------- --------------------

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★   JAN 3 0 2012   ★

**LONG ISLAND OFFICE**

IRIZARRY, J.

GOLD, M.

### CLASS ACTION COMPLAINT

#### *Introduction*

1.    Plaintiff seeks redress for the illegal practices of Midland Credit Management, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

#### *Parties*

2.    Plaintiff is a citizen of the State of New York and resides in this District.

3.    Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to the MCM Funding, LLC and previously to GE Money Bank.

4.    Upon information and belief, Midland Credit Management, Inc. is a Kansas corporation and an active foreign corporation.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.  Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Dragana Zugay*

9.  On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. On or about February 9, 2011 defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter states in pertinent part as follows: "We may report information about your account to credit bureaus.  Late payments, missed payments or other defaults on your account may be reflected in your credit report."

12. Upon information and belief, said language threatens various actions a portion of which the defendant does not engage.

13. Upon information and belief, like many other portfolio buying companies, the defendant merely lists the fact that the debt is in collection.

14. Upon information and belief, the Guidelines under which Midland operates, does not afford it the opportunity to report in the fashion it threatens.

15. Upon information and belief, the defendant does not list late payments or missed

2

payments.

16.    Defendant's letter is in violation of 15 U.S.C. §§ 1692e(5), 1692e(8) and

1692e(10) for engaging in false threates, providing false credit information and

for engaging in deceptive practices.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

17.    Plaintiff restates, realleges, and incorporates herein by reference,

paragraphs 1-16 as if set forth fully in this Cause of Action.

18.    This cause of action is brought on behalf of plaintiff and the members of a

class.

19.    The Class consists of consumers who received the same form letter, as did the

plaintiff.

20.    The Class consists of all persons whom Defendant's records reflect resided in

the State of New York and who were sent a collection letter (a) bearing the

defendant's letterhead in substantially the same form as the letter sent to the plaintiff

on or about February 9, 2011 sent within one year prior to the date of the within

complaint; (b) the collection letter was sent to a consumer seeking payment of a

consumer debt; and (c) the collection letter was not returned by the postal service as

undelivered.

21.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate

and preferable in this case because:

3

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

22.  A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the

4

establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

23. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

24. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

25. The defendant's use of the language violates the Fair Debt Collection Practices Act.

26. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA; 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
January 27, 2012

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)

6

**mcm**
Return Mail Only - No Correspond.
Dept. 12421
PO Box 603
Oaks, PA 19456

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||

### Say "Yes" to MCM!

Contact Information:  Tel (800) 935-4566

| | |
|---|---|
| Hours of Operation: | Sat-Th 5am - 2pm PST: |
| Current Owner: | Midland Funding LLC |
| Original Creditor: | GE MONEY BANK |
| Original Account No.: | ▩▩▩▩▩▩ |

02-09-2011

| | |
|---|---|
| MCM Account No.: | ▩▩▩▩▩▩ |
| Current Balance: | $728.18 |
| Payment Due Date: | 03-26-2011 |

սիիիրիիիսիսիիիրլիոսիսիսիրիիիիիիրիիիիիիիիիիիիիիիիիի  2345-243
*BWNHLTH
*0000 0853 8372 1892#
DRAGANA ZUGAY
157 MEMPHIS AVE
APT 2
STATEN ISLAND, NY 10312-3439

Dear DRAGANA ZUGAY,

Midland Funding LLC recently purchased your GE MONEY BANK account and Midland Credit Management, Inc. ("MCM"), a debt collection company, is the servicer of this obligation.

Do you just want to be free of this debt? Well, now is your opportunity, and it is very easy. Just enclose $728.18 in the envelope provided, along with the detachable payment coupon below and this debt will be **PAID IN FULL!**

### *What's In It For You?*
- An updated status submitted to the credit bureaus that the debt is "Paid in Full."*
- No further collection activity on this account.
- Free-of-charge, a letter sent to you that confirms that you have no further obligation on this account.

If you need more personal service or have questions, call to speak with one of our Account Managers today at (800) 935-4566.

### PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

Dino Manning, Sr. Group Manager
(800) 935-4566

*Please tear off and return lower portion with payment in envelope provided*

### Thank You!

DRAGANA ZUGAY
157 MEMPHIS AVE
APT 2
STATEN ISLAND, NY 10312-3439

MCM Account Number: ▩▩▩▩▩▩

**Amount Due:** $728.18

Make Check Payable to:  Midland Credit
Management, Inc.

**mcm**
Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578
ՍիիսիինսիսիիիՍսիսսիիսիսիիիսիսիիիիսիսի

**Payment Due Date:** 03-26-2011

12 8538372189 2 0072818 032611 9

LT1S

Important Disclosure Information

> **Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

The records associated with the account purchased from GE MONEY BANK reflect that you are obligated on this account, which is in default. As of the date of this letter, you owe $728.18. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. To obtain an exact payoff amount, or for further information, please call one of our Account Managers at (800) 935-4566. As the owner of this account, but subject to the rights described below, Midland Funding LLC is entitled to payment of this account. All communication regarding this account should be addressed to MCM and not the previous owner.

Unless you notify MCM within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, MCM will assume this debt to be valid.

If you notify MCM, in writing, within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or judgment.

If you request, in writing, within thirty (30) days after receiving this notice, MCM will provide you with the name and address of the original creditor.

If an attorney represents you with regard to this debt, please refer this letter to your attorney. Likewise, if you are involved in an active bankruptcy case, or if this debt has been discharged in a bankruptcy case, please refer this letter to your bankruptcy attorney so that we may be notified.

Please remember, even if you make a payment within 30 days after receiving this notice, you still have the remainder of the 30 days to exercise the rights described above.

* We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report. No credit reporting will occur if the federal reporting period has expired.

------------------

Please send any correspondence relating to any credit reporting* of this account to:
MCM CREDIT REPORTING DEPARTMENT, 8875 Aero Drive, Suite 200, San Diego, CA 92123.
PLEASE RETAIN THIS ADDRESS FOR ANY ISSUES RELATING SOLELY TO THE CREDIT REPORTING OF YOUR ACCOUNT.

New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728.

**MAIL PAYMENTS TO**: P.O. Box 60578, Los Angeles, CA 90060-0578

**MAIL CORRESPONDENCE BUT NO PAYMENTS TO**: MCM's business address at 8875 Aero Drive, Suite 200, San Diego, CA 92123